IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD H. BERNSTEIN, )
)
                Plaintiff, )
)
v. )
)
CITY OF NEW YORK and )
NEW YORK CITY DEPARTMENT OF )
TRANSPORTATION )
)
                Defendants. )
_____/

THE SAM BERNSTEIN LAW FIRM
Richard H. Bernstein (P58551)
Attorneys for Plaintiff
31731 Northwestern Highway, Ste. 333
Farmington Hills, MI 48334
248-737-8400
_____/

## COMPLAINT

Plaintiff, RICHARD BERNSTEIN, by and through his undersigned attorneys, hereby sues Defendants, CITY OF NEW YORK; and NEW YORK CITY DEPARTMENT OF TRANSPORTATION, (Collectively, "Defendants"), and states as follows:

### INTRODUCTION

1. **PLAINTIFF SEEKS NO MONEY DAMAGES AGAINST THE CITY OF NEW YORK OR NEW YORK CITY DEPARTMENT OF TRANSPORTATION. PLAINTIFF SEEKS ONLY AN ORDER ENJOINING DEFENDANTS FROM CONTINUED DISCRIMINATION AGAINST THE BLIND, VISUALLY IMPAIRED, AND OTHER DISABLED INDIVIDUALS IN VIOLATION OF FEDERAL LAW.**

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

2. Plaintiff brings this action to put an end to Defendants', City of New York (New York) and New York City Department of Transportation (NYC DOT), failure to comply with the Americans with Disabilities Act of 1990, 42 U.S.C. 12101 et seq. ("ADA"), the ADA Accessibility Guidelines (ADAAG), 28 C.F.R. § 36app. D., and the Rehabilitation Act of 1973, 29 U.S.C. 794, et seq.

3. The Defendants are discriminating against Plaintiff and others similarly situated by denying them equal access to Central Park, a public park located in the center of Manhattan in New York City, New York. The discriminatory acts and omissions are violations of the above-referenced statutes and include, but are not limited to, the following:

   a. Defendants have and continue to discriminate against Plaintiff as well as the blind, visually impaired, and other disabled individuals by denying them equal access to Central Park.

   b. Defendants refuse to promulgate or enforce rules mandating that bicyclists in Central Park stop at red lights and stop signs. To the contrary, Defendants specifically permit bicyclists to pass pedestrian crosswalks without stopping.

   c. Defendants have failed to install adequate pedestrian signals along East Drive or West Drive, which form a boundary enclosing almost all of Central Park.

   d. Defendants have failed to enforce Central Park's 25 mile-per-hour speed limit on bicycle traffic.

4. By ignoring the needs and dignity of disabled patrons, and denying equal access to Central Park for Plaintiff and others with disabilities, the Defendants treat him as a second-class citizen, and unjustly disregard his basic rights to equality and dignity,

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

and have caused him severe physical injury, embarrassment, humiliation, harassment and emotional distress. Therefore, Plaintiff seeks injunctive relief and declaratory relief to redress Defendants' past and continuing violation of his rights under federal law.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. 1331 because Plaintiff's claims arise under a federal statute, the ADA. In addition, this Court has jurisdiction over Plaintiff's claims for declaratory relief, pursuant to 28 U.S.C. 2201-02.

6. Venue is proper in the Eastern District of Michigan, Southern Division, pursuant to 28 U.S.C. 1391 because both Defendants are entities with the capacity to sue and be sued in its common name under applicable law, and are thus deemed to reside in the Eastern District of Michigan for venue purposes, as they are subject to the personal jurisdiction of this court.

## PARTIES

7. Plaintiff, Richard H. Bernstein, a blind individual living in Birmingham, Michigan, suffered severe bodily injury while walking in Central Park as a proximate result of Defendants' acts and omissions stated above, and wishes to exercise his right of access to Central Park without fear of injury, embarrassment, and unnecessary frustration.

8. Plaintiff has standing to bring the present cause of action:
   a. Plaintiff is physically disabled according to the definition provided by the ADA, as he is "substantially impaired in the major life activity of seeing."

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

3

    b. Plaintiff is being denied equal access to Central Park, a public park in New York City, and as such, he is being denied his rights as provided to him by the ADA.

9. The City of New York is a public, government entity within the meaning and definition of the ADA.

10. The New York City Department of Transportation is a public, government entity within the meaning and definition of the ADA.

## FACTUAL ALLEGATIONS

11. Central Park is a public park located in the center of Manhattan in New York City, New York. Central Park is bordered on the north by West 110th Street, on the south by West 59th Street, on the west by Eighth Avenue, and on the east by Fifth Avenue.

12. Central Park is visited by approximately 35 million individuals per year, making it the most visited park in the entire United States.

13. Central park is located on 843 acres of publicly owned land in New York City, New York.

14. The NYC DOT is responsible for day-to-day maintenance of the city's streets, highways, bridges and sidewalks. It is also responsible for installing and maintaining the city's street signs, traffic signals and street lights.

15. On or about August 13, 2012, Plaintiff was struck by a bicyclist while walking on East Drive in Central Park.

16. All but the outer edges of Central Park are surrounded by an oval-like boundary, made up of East Drive and West Drive. Because this oval-like boundary encloses

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

the majority of the park, an individual cannot access Central Park without traveling across this boundary. (**Exhibit A**, Map of Central Park).

17. Located within the boundary formed by East Drive and West Drive are the majority of attractions featured at Central Park including, but not limited to, the North Meadow, the tennis courts, the Jacqueline Kennedy Onassis Reservoir, the Great Lawn, the Delecorte Theater, Obelist, the Belvedere Castle, the Ramble, the Boat House, the Strawberry Fields, the Bethesda Fountain and Terrace, Sheep Meadow, Bandshell, the Mall, and Heckscher Playground.

18. Plaintiff is denied equal access to the above-mentioned attractions and Central Park in general because of the free-flow of bicycle traffic circling the park along the boundary created by East Drive and West Drive.

19. This free-flow of bicycle traffic exists because Defendants have promulgated no rules mandating bicyclists to stop when passing through crosswalks. On the contrary, Defendants permit bicyclists to pass through pedestrian crosswalks without stopping. (**Exhibit B**, Central Park Bicyclist Rules).

20. Blind, visually impaired, and other disabled individuals cannot safely travel across a road when bicycles traveling down that road are not required to stop at crosswalks. Unlike sighted individuals, the blind and visually impaired cannot look to see if the road is clear, rather, they must depend on safety enforcement measures mandated by the ADA.

21. This dangerous free-flow of bicycle traffic is further exacerbated because Defendants have failed to enforce Central Park's 25 mile-per-hour speed limit on

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

bicyclists. The bicyclist who struck Plaintiff was traveling at speeds of about 35 miles-per-hour.

22. Because of Defendants' refusal to take steps to ensure the safety of disabled individuals crossing the boundary into Central Park, they have denied the disabled equal access to the nation's most popular park.

23. These acts and omissions by Defendants violate clearly established federal law.

24. Upon information and belief, other complaints have been filed concerning these accessibility problems with the Defendants.

25. The denial of basic accessibility to Central Park impedes Plaintiff and others with disabilities from full and equal enjoyment of the rights of citizenship in a free society. In particular, this denial results in isolation, the perpetuation of social stigmas, loneliness, and social deprivation; it produces humiliation, frustration, and low self-image; limits professional, personal, family, recreational and educational opportunities by restricting participation in travel, and imposes unnecessary irrational and unlawful obstacles to enjoying the benefits available to others without disabilities.

26. Defendants' acts and omissions have seriously injured Plaintiff and others similarly situated in other ways as well. Plaintiff's injuries include, but are not limited to, emotional distress, loss of social interaction, loss of camaraderie, and pain and suffering.

27. On information and belief, Plaintiff alleges that the Defendants, through their policies, agents, and employees, have acted intentionally, willfully, in bad faith,

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

and/or with reckless indifference for the federal legal rights of Plaintiff and others with disabilities, in committing the acts and omissions stated here.

28. Defendants continues to discriminate against Plaintiff and others based on their disabilities, by denying Plaintiff and others with equal access to Central Park, resulting in ongoing injury to Plaintiff and other disabled individuals.

29. Plaintiff has no adequate remedy at law. While Plaintiff reserves the right to seek monetary relief, he is not expressly doing so through this complaint. Plaintiff seeks equitable relief for Defendants' ongoing acts and omissions, as stated herein, and wishes for Central Park to be brought into compliance with the ADA.

30. In short, Central Park is not equally accessible to the disabled, and as such, Defendants are in violation of the aforementioned statutes and their own publicly pronounced commitment to inclusion.

## COUNT I

**VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT.**

31. Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 31, inclusive.

32. In enacting the ADA, Congress expressly determined that society tends to isolate and segregate people with disabilities; that individuals with disabilities continually encounter prejudice and discrimination, including outright exclusion and the failure to eliminate exclusionary criteria; that this nation should assure equality of opportunity for all participation, independent living, and economic self –sufficiency to individuals with disabilities; and that continuing discrimination impedes them

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

7

from competing on an equal basis and pursuing opportunities available to other citizens. 42. U.S.C. 12101(a).

33. The express purpose of the ADA is to provide a clear and comprehensive national mandate for eliminating discrimination against individuals with disabilities; to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and to ensure that the federal government plays a central role in enforcing the standards established in the Act on behalf of individuals with disabilities 42 U.S.C. 12101 (b).

34. Plaintiff is a person who constitutes a "qualified individual(s) with a disability" under the ADA.

35. Defendant City of New York is a "public entity" as defined by the ADA.

36. Defendant, NYC DOT is a "public entity" as defined by the ADA.

37. Both Defendants are engaged in the ownership and regulation of Central Park, a place of public accommodation.

38. Through the acts and omissions alleged here, Defendants have acted in disregard of Plaintiff's disabilities, inhibited Plaintiff from access to Central Park, and subjected him to discrimination, in violation of the ADA.

39. Defendants' acts and omissions are in violation of the equal access and nondiscrimination requirements set forth in Title II of the ADA, and the regulations promulgated thereunder, and have resulted in injury to Plaintiff and others similarly situated.

40. Defendants' acts and omissions constitute an ongoing and continuous violation of Title II of the ADA. Unless restrained and enjoined from doing so, Defendants will

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

continue to violate this statute and to inflict irreparable injuries for which Plaintiff has no adequate remedy at law.

41. The American's with Disabilities Act Accessibility Guidelines for Buildings and Facilities (ADAAG) is the identified architectural standard to be used in facilities covered by the ADA.

42. Defendants are in violation of the ADA and applicable ADAAG standards. Such violations include, but are not limited to the following:

   a. Defendants have and continue to discriminate against Plaintiff as well as the blind, visually impaired, and other disabled individuals by denying them equal access to Central Park.

   b. Defendants refuse to promulgate or enforce rules mandating that bicyclists in Central Park stop at red lights and stop signs. To the contrary, Defendants specifically permit bicyclists to pass pedestrian crosswalks without stopping.

   c. Defendants have failed to install adequate pedestrian signals along East Drive or West Drive, which form a boundary enclosing almost all of Central Park.

   d. Defendants have failed to enforce Central Park's 25 mile-per-hour speed limit on bicycle traffic.

43. The Defendants, City of New York and NYC DOT continue to denigrate their disabled patrons by avoiding their obligation to comply with the ADA.

44. As stated above, Defendants have failed to comply with even the most minimal provisions of the Americans with Disabilities Act Architectural Guidelines, and are woefully in violation of their obligations to provide accommodation to travelers who are disabled.

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

## COUNT II

### VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973 (29 U.S.C. 794) ET SEQ AND RELATED.

45. Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 44, inclusive.

46. Section 504 states in part that "no qualified individual with a disability in the United States shall be excluded from, denied the benefits of, or be subjected to discrimination under" any program or activity that either receives Federal financial assistance or is conducted by any Executive agency.

47. Plaintiff is a qualified individual with a disability as defined by Section 504.

48. Upon information and belief, Defendant City of New York receives federal financial assistance in its programs and activities.

49. Upon information and belief, Defendant NYC DOT, receives federal financial assistance in its programs and activities.

50. As referenced above, Defendants have consistently discriminated against Plaintiff and other similarly situated individuals with disabilities by failing to make Central Park accessible to Plaintiff and other persons with disabilities.

WHEREFORE, plaintiff requests the relief set forth below.

### PRAYER FOR RELIEF

Plaintiff prays for the following relief:

51. A declaration that Defendants' acts and omissions unlawfully violate Plaintiff's rights under the American's with Disabilities Act of 1990 (ADA), the ADAAG, and the Rehabilitation Act of 1973.

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

52. An injunction restraining the Defendants from receiving any federal funding unless and until Central Park is brought into compliance with federal law.

53. A further injunction or other order instructing Defendants to actually provide individuals with disabilities with full and equal access to Central Park, said order allowing Plaintiff, or Plaintiff's representative to review all plans and/or construction drawings prior to their implementation.

54. A further injunction restraining the Defendants from discriminating against individuals with disabilities.

55. Although Plaintiff seeks no compensatory damages at this time, Plaintiff wishes to reserve the right to amend and request compensatory damages should it become necessary to encourage the Defendants to comply with federal law.

56. Although Plaintiff seeks no actual attorney's fees or costs, Plaintiff wishes to reserve the right to amend and request attorney's fees and costs should it become necessary to encourage the Defendants to comply with federal law.

57. All other relief that this Court deems just and proper.

Respectfully submitted,
THE SAM BERNSTEIN LAW FIRM

By:_____
Richard H. Bernstein (P58551)
Attorney for Plaintiff
31731 Northwestern Highway
Farmington Hills, MI 48334
(248) 737-8400
(248) 737-4392 (facsimile)

Dated: September 13, 2012

THE SAM BERNSTEIN LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS, MICHIGAN 48334-1669
(800) 225-5726
A PROFESSIONAL LIMITED LIABILITY COMPANY